Filed 5/13/13  P. v. Oliver CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062282 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN298510) |
| ANTHONY OLIVER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein , Judge.  Affirmed.

Caroline R. Hahn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

Anthony Oliver appeals the judgment following his guilty plea.  Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436

(*Wende*).  Oliver did not respond to our invitation to file a supplemental brief.  After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In November 2011, an information was filed against Oliver, charging him with making a criminal threat (Pen. Code, § 422)[1] and further alleging probation denial priors.  On February 14, 2012, Oliver asked to relieve the public defender's office and to represent himself.  The trial court held a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and granted the request.  On February 28, Oliver withdrew his request to represent himself and asked for appointed counsel.  The trial court appointed the alternate public defender's office to represent Oliver.  On April 2, Oliver requested a *Marsden* hearing and asked for a different appointed attorney.  The trial court held a *Marsden* hearing and denied the request.

Oliver then pled guilty to one count of attempted criminal threats.  (§§ 422, 664.)  The trial court sentenced Oliver to an eight-month prison term concurrent to his parole violation.  Based on Oliver's credits for time already served, he was ordered to report to the probation department rather than to prison.

According to the preliminary hearing transcript, which formed the factual basis for Oliver's guilty plea, Oliver attempted to make a criminal threat to a California Highway

---

[1]    All further statutory references are to the Penal Code.

Patrol officer on July 2, 2011, by making telephone calls to the officer's home. During the phone calls, Oliver was heard saying to someone in the background, "Load the magazine. We're on our way over." He stated directly to the officer, "I'm coming over and putting a bullet in your head."

Based on Oliver's request, filed pro se, the trial court issued a certificate of probable cause for Oliver to pursue an appeal.

II

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as possible but not arguable issues: (1) whether the guilty plea was knowing, intelligent and voluntary; (2) whether the trial court abused its discretion in denying the second *Marsden* motion; and (3) whether any of the potential bases for reversal of the judgment listed in Oliver's request for a certificate of probable cause are supported by the record. After we received counsel's brief, we gave Oliver an opportunity to file a supplemental brief, but he did not respond.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Oliver has been adequately represented by counsel on this appeal.

3

DISPOSITION

The judgment is affirmed.

_____
IRION, J.

WE CONCUR:

_____
McCONNELL, P. J.

_____
NARES, J.

4